# UNITED STATE BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

James and Susan Jozwiak                  Chapter 13
                                                            Case No: 13-30606
                                                            Honorable Daniel Opperman

              Debtor(s)

---

James and Susan Jozwiak,

              Plaintiff(s),

                                                                  Adv. Pro. No.:

v.

SunTrust Bank and Citizens Bank
and the United States States of America
and the State of Michigan

              Defendant.

---

## COMPLAINT TO AVOID SECURITY INTEREST IN REAL PROPERTY

Debtors, by and through their attorneys, Simen, Figura & Parker, PLC, now come and state for their complaint as follow:

1. Plaintiffs bring this complaint pursuant to 11 U.S.C. §506, and submit themselves to jurisdiction of this Court through Fed. R. Bankr. P §7001 and §7004.

2. Debtors filed a Voluntary Chapter 13 petition with this court on February 25, 2013.

3. The Debtors have two separate mortgages on their principle residence located at 6271 Chestnut Lane, Burton MI, 48519.

4. The Debtors also have a tax lien for a tax debt owed to the State of Michigan, and two tax liens for tax debts owed to the United States of America ("United States").

5. The first mortgage is held by SunTrust Bank and has a balance of $135,409.00 according to the Debtors' schedules which were based on a recent credit report balance.

### Mortgage held by Citizen's Bank

6. The second mortgage is held by Citizens Bank and has a balance of $39,306.26 as evidenced by Citizens Bank's Proof of Claim.

7. The property has a value of approximately $107,000 according to Debtors' schedules and a market analysis of nearby homes.

8. In order for Citizen Bank's mortgage to be secured, the property would have to be of value in excess of the first mortgage and any outstanding property taxes, which is no less than $135,409.00.

9. The debtors are entitled to avoid the claimed security interest of Citizens Bank as to the second mortgage on the Debtors' property under the provisions of 11 U.S.C. §506, as the Defendant's second mortgage lien is not an "allowed secured claim" as defined by the Code and applicable case law.

10. As such, the Defendant does not have any valid lien or security interest as to the second mortgage on the property at 6271 Chestnut Lane, Burton MI 48519 in Genesee County and should therefore be treated as a general unsecured creditor whose claim will be paid as a Class 9 creditor.

### The State of Michigan's Tax Lien

11. Based on information and belief, the State of Michigan recorded a lien for unpaid income taxes for tax years 2010 through 2011, and totaling $7,000.00.

12. In order for the State of Michigan's tax lien to be secured, the property would also have to be of value in excess of the first mortgage and any outstanding property taxes, which are no less than $135,409.00.

13. The debtors are entitled to avoid the claimed security interest of the State of Michigan on the Debtors' property as to the unsecured amount of $7,000.00 under the provisions of 11 U.S.C. §506, as the United States' junior lien is not an "allowed secured claim" as defined by the Code and applicable case law.

14. As such, the Defendant does not have any valid lien or security interest as to the tax lien on the property at 6271 Chestnut Lane, Burton MI 48519 in Genesee County and should therefore be treated as a general unsecured creditor whose claim will be paid as a Class 9 creditor.

15. The interest of good faith and justice support the requested relief.

### The United States' Tax Lien

16. The United States recorded two liens covering unpaid income taxes for tax years 2002, 2004, 2005, 2006, 2007 and 2008 through 2012, and totaling $513,676.71 according to the Proof of Claim filed by the Department of Treasury – Internal Revenue Service.

17. According to the United States' Proof of Claim, its claim is secured in the amount of $51,853.00, and unsecured in the amount of $461,823.71.

18. In order for the United States' tax lien to be secured, the property would have to be of value in excess of the first mortgage and any outstanding property taxes, which are no less than $135,409.00.

19. The debtors are entitled to avoid the claimed security interest of the United States on the Debtors' property as to the unsecured amount of $461,823.71 under the provisions of 11 U.S.C. §506, as the United States' junior lien is not an "allowed secured claim" as defined by the Code and applicable case law.

20. As such, the Defendant does not have any valid lien or security interest as to the tax lien on the property at 6271 Chestnut Lane, Burton MI 48519 in Genesee County, and should therefore be treated as a general unsecured creditor whose claim will be paid as a Class 9 creditor.

21. The interest of good faith and justice support the requested relief.

WHEREFORE, Debtors request that this Honorable Court grant the requested relief to avoid Citizens Bank's, the State of Michigan's and the United States' security interests and liens in the real estate located at 6271 Chestnut Lane, Burton MI 48519 in Genesee County.

Respectfully submitted,

Simen, Figura & Parker, PLC

/s/ Colin M. Linsenman
By:   Colin M. Linsenman (P68390)
      Peter T. Mooney (P47012)
      Attorneys for Debtors
      5206 Gateway Centre #200
      Flint, MI 48507
      (810) 235-9000

Dated: April 5, 2013                    Email: clinsenman@sfplaw.com